UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PATRICK G. POSTON,

        Plaintiff,

v.                                                            Case No. 5:20-cv-585-TPB-PRL

J. PHELPS and D. SMITH,

        Defendants.

_____

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

**I.    Status**

Plaintiff, a federal prisoner, initially filed this pro se civil rights action pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), on December 7, 2020 (Doc. 1).[1] Plaintiff is proceeding on an Amended Complaint against Correctional Officer D. Smith and Associate Warden J. Phelps (Doc. 14).[2] Plaintiff claims that Defendants violated her[3] rights under the Eighth Amendment.

Before the Court is Defendants' Motion to Dismiss (Doc. 24), in which Defendants argue that Plaintiff failed to exhaust her administrative remedies

---

[1] Plaintiff is serving a 120-month term of incarceration for attempt and conspiracy to commit mail fraud – conspiracy to commit wire fraud. *See United States v. Poston*, No. 5:17-cr-113-SMH-MLH (W.D. La. 2018).

[2] The Court previously dismissed all claims against Defendants Johnson and Jones. *See* Order (Doc. 16).

[3] Plaintiff refers to herself using female pronouns. *See* Doc. 33. Thus, the Court does the same.

before filing this suit. Plaintiff filed a Reply to Defendants' Motion to Dismiss (Doc. 33). The Motion is ripe for review.

## II.   Plaintiff's Complaint

According to Plaintiff, the following events occurred on July 14, 2020. Defendant Phelps "choked" her while she was fully restrained and told Plaintiff that he had "'no problem killing a federal inmate.'" Defendant Smith and Officer Haggins (who is not named as a defendant[4]) placed ankle cuffs on Plaintiff that were "excessively tight," which caused severe bruising and pain for almost 30 days.

As a result of these actions, Plaintiff claims that she was subjected to cruel and unusual punishment in violation of the Eighth Amendment. As relief, she requests monetary damages and "Termination/Reassignment of duty posts of all Defendants."

## III.   Discussion

As explained herein, the Court finds that Plaintiff failed to exhaust her administrative remedies before filing this case. Because exhaustion is a precondition to suit, this case is due to be dismissed without prejudice.

### A. Governing Legal Authority Regarding Exhaustion

An inmate must first exhaust all available administrative remedies before filing any claim under *Bivens*. *See* 42 U.S.C. § 1997e(a). But a prisoner is not required to plead exhaustion. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, "failure to exhaust is an affirmative defense under the PLRA[.]" *Id.* The defendant

---

[4] *See* Doc. 14 at 2-3 (listing the parties in this case).

carries the burden of showing a failure to exhaust. *Id.* at 212. Notably, exhaustion of available administrative remedies is "a precondition to an adjudication on the merits" and is mandatory under the PLRA. *Bryant v. Rich*, 530 F.3d 1368, 1374 (11th Cir. 2008). Not only is there an exhaustion requirement, "the PLRA exhaustion requirement requires proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).

> Because exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims. Administrative law does this by requiring proper exhaustion of administrative remedies, which "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Pozo*,[5] 286 F.3d, at 1024. . . .

*Woodford*, 548 U.S. at 90. And "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" *Id*.

> Courts may not engraft an unwritten "special circumstances" exception onto the PLRA's exhaustion requirement. The only limit to § 1997e(a)'s mandate is the one baked into its text: An inmate need exhaust only such administrative remedies as are "available."

*Ross v. Blake*, 136 S.Ct. 1850, 1862 (2016).

The determination of whether an inmate has properly exhausted her available administrative remedies is a matter of abatement and should be raised in a motion to dismiss or be treated as such if raised in a summary judgment motion.

---

[5] *Pozo v. McCaughtry*, 286 F.3d 1022 (7th Cir. 2002).

*Bryant*, 530 F.3d at 1374-75 (citation omitted). The Eleventh Circuit has explained the two-step process that this Court must employ when examining the issue of exhaustion.

> In *Turner v. Burnside* we established a two-step process for resolving motions to dismiss prisoner lawsuits for failure to exhaust. 541 F.3d at 1082.[6] First, district courts look to the factual allegations in the motion to dismiss and those in the prisoner's response and accept the prisoner's view of the facts as true. The court should dismiss if the facts as stated by the prisoner show a failure to exhaust. *Id.* Second, if dismissal is not warranted on the prisoner's view of the facts, the court makes specific findings to resolve disputes of fact, and should dismiss if, based on those findings, defendants have shown a failure to exhaust. *Id.* at 1082-83; *see also id.* at 1082 (explaining that defendants bear the burden of showing a failure to exhaust).

*Whatley v. Warden, Ware State Prison*, 802 F.3d 1205, 1209 (11th Cir. 2015); *see Pavao v. Sims*, 679 F. App'x 819, 823-24 (11th Cir. 2017) (per curiam).[7]

The Bureau of Prisons provides an internal grievance procedure for its inmates. *See* 28 C.F.R. § 542.10, *et seq.* Generally, a prisoner must complete a three-step sequential process if the informal resolution procedures fail to resolve the issue.[8] As to the formal grievance procedures, an inmate first must submit a Request for Administrative Remedy on the BP-9 form to the Warden within twenty

---

[6] *Turner v. Burnside*, 541 F.3d 1077 (11th Cir. 2008).

[7] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. *See McNamara v. GEICO*, 30 F.4th 1055, 1060-61 (11th Cir. 2022); *see generally* Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[8] A federal inmate must "first present an issue of concern informally to staff" who must "attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." *See* 28 C.F.R. § 542.13(a).

days of the incident.  *See* 28 C.F.R. § 542.14(a).  If the inmate is not satisfied with the Warden's response, she may submit an appeal on the BP-10 form to the Regional Director within twenty days of the Warden's response.  *See* 28 C.F.R. § 542.15(a).  If the inmate is dissatisfied with the Regional Director's response, she may submit an appeal on the BP-11 form to the General Counsel within thirty days of the Regional Director's response.  *See id.*

### B. Parties' Positions

Plaintiff acknowledges in the Amended Complaint that she did not file any administrative remedies concerning the facts relating to her claims.  *See* Doc. 14 at 7.  She alleges that Counselor C. Johnson "impeded [her] access" to the grievance process by refusing to give her administrative remedy forms upon her request.  *Id.*[9]

Defendants argue that Plaintiff's assertions are "insufficient to satisfy the exhaustion requirement."  Doc. 24 at 6.  Defendants further contend that Plaintiff does not allege she was threatened in any way such that the administrative remedy process would be rendered unavailable, nor did she later pursue her exhaustion efforts despite the fact that she subsequently submitted unrelated administrative remedies.  *See id.* at 6.  Thus, Defendants request the Court dismiss this case for Plaintiff's failure to exhaust.

---

[9] Plaintiff made similar assertions in the Complaint.  *See* Doc. 1 at 7-8.  In the Complaint, but not in the Amended Complaint, Plaintiff cites to an unrelated case filed in this Court by another inmate who alleged that C. Johnson denied that inmate administrative remedy forms on at least three occasions.  *See id.* (referring to Doc. 24 at 8, No. 5:20-cv-92-VMC-PRL (M.D. Fla. 2020)).  Another inmate's allegations about "C. Johnson" refusing to provide administrative remedy forms does not change the outcome in this case.

In support of their position, Defendants submitted the Declaration and Certification of Records by Jeanie Register, a Legal Assistant at the Federal Correctional Complex in Coleman, Florida (Doc. 24-1). In relevant part, Ms. Register declares:

> Inmate Patrick Poston, Jr., federal register number 20150-035, is a federal inmate currently confined at United States Penitentiary - II, Coleman, Florida. She is currently serving a 120-month sentence imposed by the Western District of Louisiana for Attempt and Conspiracy to Commit Mail Fraud - Conspiracy to Commit Wire Fraud. With good time credit, her projected release date is March 24, 2027.
>
> Computerized administrative remedy records maintained by the Bureau reveal inmate Poston has filed thirteen remedies while in the custody of the Bureau of Prisons. Since July 14, 2020, the day of the alleged incident, inmate Poston has filed five administrative remedies at various levels. Administrative remedy number 1055107-Rl involved the appeal of a Disciplinary Hearing Officer's report that was received at the Regional level on August 4, 2020. On November 3, 2020, it was rejected at the Regional level since inmate Poston submitted more than one continuation page ("ONE") and she was instructed to resubmit her appeal in proper form within 10 days of the rejection notice ("RSR"). Instead of resubmitting in proper form, inmate Poston filed administrative remedy number 1055107-Al at the Central office level on January 12, 2021. The remedy was rejected on January 25, 2021, and she was instructed to follow the instructions on the previous rejection notice and resubmit to Regional office ("DIR" and "OTH"). There is no indication that she resubmitted the remedy to the Regional office.
>
> On September 10, 2021, inmate Poston filed administrative remedy number 1093921-Fl and F2 that was received at the institutional level claiming her property was missing and staff misconduct. Inmate Poston claimed that on August 24, 2021, she was removed

> from her cell for a medical emergency, and staff did not properly pack her property resulting in the loss of food items she had recently purchased. The remedy was rejected on the same day informing her that even though the remedy was rejected, it was forwarded to the appropriate department for review ("OTH"). Inmate Poston appealed to the Regional level in administrative remedy 1093921-Rl on October 7, 2021; however, it was rejected on October 17, 2021, and she was told to resolve the issue at the institutional level first ("OTH" and "INS"). There is no record that she filed any additional administrative remedies related to this issue at any level.

Doc. 24-1 at 2-4 (internal citations omitted). Attached to Ms. Register's Declaration are Plaintiff's administrative remedy records. *See* Doc. 24-1 at 10-30.

In response, Plaintiff states that "she made numerous attempts to exhaust remedies, as normally required, but based on the nature of this action, was thwarted and denied access to the procedure." Doc. 33 at 2. Plaintiff then discusses the substance of her allegations, arguing that she has stated a viable *Bivens* claim. *Id.* at 2-4. She requests the Court deny Defendants' Motion.

### C. Analysis

Plaintiff recognizes that she did not submit any administrative remedies regarding the claims raised in this case. Instead, she argues that the process was unavailable to her because she was denied the proper forms when she requested them. Thus, at the first step of *Turner*, the Court finds that dismissal is not warranted because, taking Plaintiff's assertions as true, she was denied administrative remedy forms and thus the process was unavailable to her. At the

second step of *Turner*, the Court's analysis focuses on whether the process was available.

The Supreme Court has delineated three circumstances that may render administrative remedies unavailable:

> (1) when the administrative procedure "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) where the administrative scheme is "so opaque that it becomes... incapable of use... [and] no ordinary prisoner can discern or navigate it"; and (3) when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."

*Geter v. Baldwin State Prison*, 974 F.3d 1348, 1355 (11th Cir. 2020) (quoting *Ross*, 136 S. Ct. at 1859-60). The Eleventh Circuit has held:

> [A] prison official's serious threats of substantial retaliation against an inmate for lodging or pursuing in good faith a grievance make the administrative remedy "unavailable," and thus lift the exhaustion requirement as to the affected parts of the process if both of these conditions are met: (1) the threat actually did deter the plaintiff inmate from lodging a grievance or pursuing a particular part of the process; and (2) the threat is one that would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the grievance process that the inmate failed to exhaust.

*Turner*, 541 F.3d at 1085.

By reference to Ms. Register's Declaration and Plaintiff's administrative remedy history, Defendants have carried their burden of showing that the administrative remedy process was available and Plaintiff failed to properly exhaust her administrative remedies. *See Geter*, 974 F.3d at 1356 ("While the

burden is on the defendant to show an available administrative remedy, once that burden has been met, the burden of going forward shifts to the plaintiff, who, pursuant to *Turner*, must demonstrate that the grievance procedure was 'subjectively' and 'objectively' unavailable to him."); *Wright v. Georgia Dep't of Corr.*, 820 F. App'x 841, 845 (11th Cir. 2020) (citing *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (recognizing that after a defendant proves that a grievance process was available and the plaintiff failed to exhaust, the burden shifts to the plaintiff to show that the remedies were unavailable to him).

Plaintiff did not submit any administrative remedy forms within the 20-day period following the alleged incident on July 14, 2020. On the 21st day (August 4, 2020), however, the Regional level received from Plaintiff administrative remedy number 1055107-R1, which involved an appeal of a disciplinary hearing officer's report. *See* Doc. 24-1 at 4, 16. The submission of this administrative remedy cuts against Plaintiff's unavailability argument. Indeed, it shows that Plaintiff had access to the forms, and she could have submitted a form regarding the facts alleged in this case. If she was unable to do so timely, she could have explained why the administrative remedy was late. *See* 28 C.F.R. § 542.14(b) ("Where the inmate demonstrates a valid reason for delay, an extension in filing time may be allowed. In general, valid reason for delay means a situation which prevented the inmate from submitting the request within the established time frame."). An officer's refusal to provide the necessary forms likely qualifies as a "valid reason." *See Abram v. Leu*, 848 F. App'x 868, 872 (11th Cir. 2021) ("A refusal to provide the

forms necessary to initiate the grievance process appears to qualify as such a situation which prevented the inmate from submitting the request within the established time frame." (internal quotations omitted)).[10]  Plaintiff, however, did not do so.  *See Bryant*, 530 F.3d at 1373 (recognizing that the applicable grievance procedures permitted the prisoner to file an untimely grievance and show good cause for his tardiness, but the prisoner failed to file any grievance about the abuse for which he was complaining).

Plaintiff also does not describe any efforts she took to obtain an administrative remedy form from someone other than Counselor Johnson.  While a correctional counselor is typically the person who provides the forms, an inmate may obtain the appropriate form from any institutional staff member.  *See* 28 C.F.R. § 542.14(c)(1).  Even if Plaintiff was unable to obtain the appropriate form, she could have explained on the form she submitted around August 4, 2020, that she was being refused the appropriate form or if she believed her issue qualified as "sensitive" because it involved the Associate Warden, she could have explained to the Regional Director why she did not submit her remedy at the institutional level. *See* 28 C.F.R. § 542.14(d)(1).  While Plaintiff does not have to grieve a breakdown in the administrative process, she had available to her various ways to properly complete the process.

---

[10] Plaintiff filed additional administrative remedies after she initiated this case, none of which concerned the incident alleged herein.  While such remedies could not have exhausted the claims raised in this case and do not show such remedies were available prior to the lawsuit being filed, the Court simply recognizes that Plaintiff had access to forms and engaged in the administrative remedy process without issue.

Upon review, the Court finds that Plaintiff did not complete the administrative remedy process, and neither Plaintiff's allegations nor the materials in the record indicate that those administrative remedies were unavailable to her. Accordingly, it is

**ORDERED**:

1. Defendants' Motion to Dismiss (Doc. 24) is **GRANTED**.

2. This case is **DISMISSED without prejudice** for Plaintiff's failure to exhaust.

3. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Tampa, Florida, this 31st day of October, 2022.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE

JAX-3 10/27
c:
Patrick G. Poston
Counsel of Record